IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-00-CR-0477-K(02) |
| | § | NO. 3-08-CV-2123-K |
| TRINIDAD DURON | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Trinidad Duron, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be dismissed on limitations grounds.

I.

In 2001, a jury convicted defendant of conspiracy to possess with intent to distribute more than 500 grams of methamphetamine and possession of firearms in furtherance of a drug trafficking crime. Punishment was assessed at 300 months confinement,[1] followed by a five-year term of supervised release, and a $25,000 fine. His conviction and sentence were affirmed on direct appeal. *United States v. Duron*, 45 Fed.Appx. 318, 2002 WL 1860308 (5th Cir. Jun. 18, 2002). Defendant then filed this motion under 28 U.S.C. § 2255.

II.

In his sole ground for relief, defendant contends that he received ineffective assistance of counsel on appeal because his lawyer did not challenge a four-level increase in the base offense level

---

[1] Defendant was originally sentenced to a total of 420 months confinement. In December 2002, after defendant's conviction was affirmed on direct appeal, the government filed a Rule 35(b) motion for sentence reduction based on his substantial cooperation after sentencing. The district court granted the motion and reduced defendant's sentence to 300 months. *See* Order, 5/7/03.

for his leadership role in the offense and did not attack the sufficiency of the evidence to support his gun conviction. Recognizing that his section 2255 motion was filed "beyond the one year statute of limitations," defendant claims that he is entitled to equitable tolling because he was abandoned by his lawyer while the case was on direct appeal. After considering the motion and the explanation offered by defendant for waiting more than six years after his appeal was decided to seek post-conviction relief, the court rejects his equitable tolling argument and determines that this case should be dismissed on limitations grounds.

A.

Section 2255 proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996), *codified at* 28 U.S.C. 2255(f). The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment of conviction becomes final;
>
> (B) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (C) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Defendant was convicted on federal drug and firearms charges in 2001. His conviction was affirmed by the court of appeals on June 18, 2002, and defendant did not seek further review in the United States Supreme Court. Therefore, the judgment of conviction became final for limitations purposes on September 16, 2002, when the deadline for filing a petition for writ of certiorari expired. *See United States v. Plascencia*, 537 F.3d 385, 389 (5th Cir. 2008), *citing Clay v. United States*, 537 U.S. 522, 532, 123 S.Ct. 1072, 1079, 155 L.Ed.2d 88 (2003) ("[I]f a federal defendant appeals his conviction to the court of appeals and then does not seek certiorari, the conviction becomes final when the 90-day period expires during which the defendant could have filed a petition for certiorari."). More than *six years* later, on November 21, 2008, defendant filed the instant motion in federal district court.

In an attempt to excuse this delay, defendant states that he was "abandoned" by his lawyer after his conviction was affirmed by the Fifth Circuit. Specifically, defendant alleges:

> Appellate counsel, Douglas C. McNabb, received notice that I could no longer afford to retain him for the process of Certiorari review in the United States Supreme Court. Mr. McNabb then informed me that he would file a motion on my behalf so that replacement counsel could be appointed to me under CJA funds. Mr. McNabb then informed me that replacement counsel would file the petition for a Writ of Certiorari. Since that time, some six (6) years ago, counsel had not answered my phone calls or correspondence, and I had not received any notice that a petition for a Writ of Certiorari had been filed on my behalf, and I have not received notice from the Supreme Court that Certiorari was granted or denied.

(Def. Mot. at 12, ¶ 18). Equitable tolling may be available to a habeas petitioner who is deceived by his attorney into believing that a timely appeal or post-conviction proceeding was filed on his behalf. *See United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 2630 (2003); *United States v. Wynn*, 292 F.3d 226, 230-31 (5th Cir. 2002). However, "[a]n attorney's

claim that he will prospectively act is generally insufficient to toll the statute of limitations." *Lemons v. Cain*, No. 07-1451, 2008 WL 53744 at *2 (W.D. La. Jan. 3, 2008). Moreover, there must be some evidence that the petitioner reasonably relied on his attorney's deceptive misrepresentation. *See Olivo v. Quarterman*, No. 3-06-CV-2399-L, 2007 WL 4205874 at *7 (N.D. Tex. Nov. 27, 2007), *appeal filed*, Dec. 17, 2007 (No. 08-10002). Here, there is no allegation, much less proof, that McNabb intentionally misrepresented to defendant that a petition for writ of certiorari had been filed on his behalf. To the contrary, defendant acknowledges that he could not afford to hire McNabb "for the process of Certiorari review in the United States Supreme Court." (Def. Mot. at 12, ¶ 18). Equitable tolling is not warranted under these circumstances. *See also Hill v. Director, TDCJ-CID*, No. 6-07-CV-523, 2008 WL 4112774 at *5 (E.D. Tex. Sept. 3, 2008) (equitable tolling not available where petitioner claimed only that attorney failed to file petition for writ of certiorari as promised); *Olivo*, 2007 WL 4205874 at *7 (counsel's failure to pursue habeas relief, as stated in client retainer agreement and later promises, did not warrant equitable tolling); *Garza v. Dretke*, No. SA-04-CA-0645-XR, 2004 WL 2385002 at *2 (W.D. Tex. Oct. 25, 2004) (equitable tolling not available where prisoner merely alleged that counsel represented he was going to file a habeas petition, "not that a habeas petition had indeed been filed").

Even if defendant was justified in relying on McNabb to file a motion for the appointment of replacement counsel to represent him on certiorari review,[2] his continued reliance for more than a year while the limitation clock ticked away was unreasonable. The deadline for filing a petition for writ of certiorari was September 16, 2002. When defendant did not hear from McNabb or another attorney by that date, he should have been on notice that something was amiss. That

---

[2] Although a criminal defendant does not have a constitutional right to counsel while seeking certiorari, he does have a statutory right to counsel under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. *See Wilkins v. United States*, 441 U.S. 468, 469, 99 S.Ct. 1829, 1830, 60 L.Ed.2d 365 (1979).

defendant continued to rely on his former attorney, even after McNabb failed to "answer[ ] phone calls or correspondence," was even more unreasonable. "At some point in time if Petitioner's counsel would not warrant that the [motion] had been filed, it would have been reasonable for a client to pull the file from his attorney and possibly prevent any limitations issue." *Garza*, 2004 WL 2385002 at *2; *see also Zuniga v. Quarterman*, No. 3-08-CV-0849-N, 2008 WL 4710792 at *2 (N.D. Tex. Oct. 24, 2008), *appeal filed*, Nov. 3, 2008 (No. 08-11080). Such is the case here. Defendant is not entitled to equitable tolling of the AEDPA statute of limitations based on counsel's failure to ask the court to appoint another lawyer to file a petition for writ of certiorari on his behalf.

## RECOMMENDATION

It plainly appears from the face of the motion and the record of prior proceedings that this case is barred by limitations. Accordingly, defendant's motion to correct, vacate, or set aside sentence should be summarily dismissed with prejudice. *See* Rule 4(b), RULES GOVERNING SECTION 2255 CASES.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 5, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE